UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAP-SUN CHAN,<br><br>                Plaintiff,<br><br>-against-<br><br>SUSAN RAMDHANEY, MD; MANHATTAN GASTROENTEROLOGY; LUIS CASTELO; MANHATTAN SPECIALTY CARE,<br><br>                Defendants. | 22-CV-3708 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid,[1] alleging that Defendants violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff also asserts state law claims of medical malpractice. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his FDCPA claim.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a

---

[1] By order dated May 11, 2022, the Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP"), concluding that Plaintiff had sufficient assets to pay the filing fees. (ECF 3.) Plaintiff paid the $402.00 in filing fees on May 23, 2022.

claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff invokes the Court's federal question jurisdiction, asserting claims under the FDCPA and state law claims of medical malpractice. (ECF 2, at 2.) Named as Defendants are Dr. Susan Ramdhaney, Manhattan Gastroenterology, Luis Castelo, and Manhattan Specialty Care.

The following allegations are taken from the complaint. On May 7, 2021, Plaintiff went to see Dr. Ramdhaney to have blood drawn, but Ramdhaney "mistakenly ordered the wrong blood test." (*Id.* at 5.) When Plaintiff called the office for clarification, Dr. Ramdhaney's "staff repeatedly misinformed me, disrespected me, insulted me, and failed to return my phone calls. I yelled at them for this disrespect. They had the nerve to blame me for getting angry." (*Id.*) Plaintiff reported the behavior to Dr. Ramdhaney and several other doctors and demanded disciplinary action, but "[t]hey never followed up." (*Id.*)

Over the "next few months," a woman from Dr. Ramdhaney's office "has called [Plaintiff] up asking for payment of unpaid medical bills." (*Id.*) Plaintiff states,

> Do they honestly think I would ever pay them a single cent after what they did? I received one such call from a woman who I believe was "Laura" (I don't have records from that time). I informed her that if she wanted to get paid at all she'd "better do her fucking job and handle my complaint. YOU GOT IT, B**CH?!" She said, "Okey dokey. I'll get on it."

(*Id.*)

On May 4, 2022, Plaintiff received another call from a woman he "believe[s]" was Laura. (*Id.*) "She had the nerve to ask me again for my unpaid medical bill – after she completely ignored my demand to punish those employees. I cursed her out at the top of my lungs." (*Id.*)

Plaintiff adds, "I want to go on record that if I get one more call from Susan Ramdhaney and her mentally retarded staff (most of whom probably dropped out of elementary school), I will call the police. I'm not paying the fucking bill." (*Id.*)

Plaintiff seeks $1 million in damages.

## DISCUSSION

A.  **Fair Debt Collection Practices Act**

The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction").

In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in Section 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without

limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Section 1692c provides that a debt collector may not, without prior consent, contact a consumer: (1) at an unusual time or place, 15 U.S.C. § 1692c(a)(1), (2) directly, if the debt collector knows an attorney is representing the consumer in connection with the debt, § 1692c(a)(2), or (3) at the consumer's place of employment if the debt collector knows the employer prohibits such communication, § 1692c(a)(3).

Section 1692c(c) provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," except to advise the consumer that further collection efforts are being terminated, to notify the consumer that the debt collector may or will invoke specified remedies.

Here, Plaintiff does not state a claim under the FDCPA because he does not allege facts suggesting that any of the Defendants are debt collectors within the meaning of the FDCPA, or that any Defendant engaged in any harassing, abusive, or oppressive actions in connection with collection of the debt. Nor does Plaintiff allege in the complaint that an attorney is representing him in connection with this debt, that Defendants contacted him at work, or that the Defendants called him in the early morning or late-night hours. Finally, Plaintiff does not allege that he notified any of the Defendants in writing that he refuses to pay the debt or that he wishes

4

Defendants to cease all communication with him regarding the debt. The Court therefore dismisses Plaintiff's claims under the FDCPA for failure to state a claim on which relief may be granted, but grants him 30 days' leave to replead a viable FDCPA claim.

**B.     Claims Under State Law**

Plaintiff also asserts claims of medical malpractice, which arise under state law.[2] A district court may decline to exercise "supplemental" jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Plaintiff's Mailing Address**

On May 12, 2022, the Court received notification that its order denying Plaintiff's request to proceed IFP, which was mailed to Plaintiff's address of record, was returned as "Attempted – Not Known; Unable to Forward." Plaintiff has a history of providing inaccurate or invalid addresses to this court. On May 18, 2022, in another of Plaintiff's cases, *Chan v. United*

---

[2] Because Plaintiff alleges that he and Defendants are citizens of New York State, *see* ECF 2, at 2-3, the Court lacks diversity of citizenship jurisdiction under 28 U.S.C. § 1332 to consider Plaintiff's state law claims.

*Healthcare Oxford*, No. 22-CV-2480 (S.D.N.Y. filed Mar. 28, 2022), Magistrate Judge Barbara Moses issued an order that, as relevant here, (1) noted that a previous order mailed to Plaintiff at the P.O. Box listed as his address in his complaint was returned as undeliverable;[3] (2) directed Plaintiff to provide the court with an accurate address at which he can reliable receive mail from the court; and (3) reminded Plaintiff that it is his obligation to provide the court with accurate information, including a reliable mailing address. ECF 1:22-CV-2480, 7. Plaintiff filed subsequent documents in that action in which he provided only "Brooklyn, NY" as his mailing address. *See* ECF 1:22-CV-2480, 8. The Pro Se Intake Unit informed the court that it has asked Plaintiff to provide a complete address, but he declined to do so. *Id.*

In *Chan v. Soc. Sec. Admin.*, No. 22-CV-0906 (S.D.N.Y. filed Feb. 2, 2022), Plaintiff listed a Queens, New York, return street address on the envelope,[4] and provided a different P.O. box in Brooklyn as his address in the body of the complaint.[5] When the court mailed an order to Plaintiff at the specified P.O. box, it was returned as undeliverable. When the court attempted to re-mail to order to the P.O. box Plaintiff listed in No. 22-CV-2480, it was again returned as undeliverable.

In *Chan v. Medicare*, No. 22-CV-3748 (S.D.N.Y. filed May 9, 2022), and *Chan v. Cimponeriu*, No. 22-CV-3749 (S.D.N.Y. filed May 9, 2022), Plaintiff listed the same Brooklyn P.O. box that he lists in this action.[6] In each of those cases, the court mailed an order to Plaintiff at that P.O. box, and the order was returned as undeliverable.

---

[3] P.O. Box 844321, Brooklyn, NY 11203.

[4] 4266 Saull Street, Flushing, NY 11355.

[5] P.O. Box 886464, Brooklyn, NY 11209.

[6] P.O. Box 788442, Brooklyn, NY 11238.

6

By order dated May 24, 2022, in No. 22-CV-2480, Magistrate Judge Moses concluded that "it appears that the plaintiff may have provided the Court with incorrect, obsolete, or – potentially – fictitious – P.O. box numbers in all of his active cases," directed Plaintiff to file a Notice of Change of Address form confirming his mailing address by June 8, 2022, and stated that if Plaintiff fails to do so or it comes to the court's attention that he has provided an incorrect, obsolete, or fictitious address, he may be prohibited from filing further documents in that action, or it may be dismissed. ECF 1:22-CV-2480, 8.

The Court agrees with Magistrate Judge Moses's assessment that it appears Plaintiff has provided the Court with incorrect, obsolete, or potentially fictitious P.O. boxes. As a courtesy to the *pro se* plaintiff, the Court will mail this order to the street address provided in No. 22-CV-0906, as well as the P.O. box provided in this action.

Plaintiff is reminded, however, that it is his obligation – not the Court's – to ensure that the Court has accurate contact information for him, including an address at which he can reliably receive mail from the Court. If Plaintiff files an amended complaint, he must include in the amended complaint a current and accurate mailing address at which he may receive mail from the court.

**D.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to allege facts plausibly alleging a viable FDCPA claim. If Plaintiff files an amended complaint, he must allege facts suggesting that Defendants are debt collectors within the meaning of the FDCPA and that they engaged in conduct prohibited by the FDCPA, as set forth above.

If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted, but grants 30 days' leave to replead a viable FDCPA claim. Plaintiff must include in his amended complaint a current and accurate mailing address at which he can receive mail from the court.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff must submit the amended complaint, if any, to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3708 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's federal law claims for failure to state a claim in which relief may be granted, and declining to consider, under its supplemental jurisdiction, any state law claims Plaintiff may be asserting.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff his address of record and at the following address: 4266 Saull Street, Flushing, Queens, NY 11355.

SO ORDERED.

Dated:   June 21, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

**AMENDED COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

B.  List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                                    1

Defendant  No. 1     Name  _____
                     Street Address  _____
                     County, City  _____
                     State & Zip Code  _____
                     Telephone Number  _____

Defendant  No. 2     Name  _____
                     Street Address  _____
                     County, City  _____
                     State & Zip Code  _____
                     Telephone Number  _____

Defendant  No. 3     Name  _____
                     Street Address  _____
                     County, City  _____
                     State & Zip Code  _____
                     Telephone Number  _____

Defendant  No. 4     Name  _____
                     Street Address  _____
                     County, City  _____
                     State & Zip Code  _____
                     Telephone Number  _____

**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____
_____

**III.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? _____
_____

B.     What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.     Facts: _____
_____

| What happened to you? |
|---|

_____
_____
_____
_____

| Who did what? |
|---|

_____
_____
_____
_____

| Was anyone else involved? |
|---|

_____
_____

| Who else saw what happened? |
|---|

_____
_____
_____

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                         Signature of Plaintiff     _____

                         Mailing Address            _____

                                                                         _____

                                                                        _____

                         Telephone Number         _____

                         Fax Number *(if you have one)*  _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                         Signature of Plaintiff:     _____

                         Inmate Number              _____