UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAP-SUN CHAN,

               Plaintiff,

        -against-

SUSAN RAMDHANEY, MD; MANHATTAN
GASTROENTEROLOGY; LUIS CASTELO;
MANHATTAN SPECIALITY CARE,

               Defendants.

22-CV-3708 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brought this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his rights. By order dated June 21, 2022, the Court dismissed the complaint for failure to state a claim on which relief may be granted, but granted Plaintiff 30 days' leave to replead a claim under the Fair Debt Collection Practices Act (FDCPA). Plaintiff filed an amended complaint on July 8, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

    The allegations in the amended complaint are virtually identical to the allegations in the original complaint. In short, Plaintiff alleges that Dr. Ramdhaney ordered "the wrong blood test," and that when Plaintiff called the office for clarification, Ramdhaney's employees disrespected and insulted Plaintiff and failed to return his phone calls. Ramdhaney's office also called Plaintiff to ask that he pay his unpaid medical bills, causing Plaintiff to scream at the employee and demand that Ramdhaney punish them. Although the Court's order of dismissal granted Plaintiff leave to replead his FDCPA claims, the amended complaint instead states that Plaintiff is asserting claims "pursuant to Article 131-A, Definitions of Professional Misconduct

Applicable to Physicians, Physician's Assistants and Specialists's Assistants § 6530." (ECF 5, at 5.)

To the extent Plaintiff's amended complaint is asserting claims under the FDCPA, those claims are dismissed for failure to state a claim on which relief may be granted for the reasons stated in the Court's June 21, 2022, order of dismissal. (*See* ECF 4, at 3-5.)

The Court understands Plaintiff's invocation of "Article 131-A, Definitions of Professional Misconduct Applicable to Physicians, Physician's Assistants and Specialists's Assistants §6530" to be a reference to Article 131-A, Section 6530 of New York State Education Law, which defines professional misconduct in the medical profession for various state-law purposes. *See* N.Y. Educ. Law § 6530 ("Definitions of professional misconduct"). To the extent Plaintiff is asserting claims under Section 6530, those claims arise under state law. As stated in the Court's June 21, 2022, order, because Plaintiff alleges that he and Defendants are residents of New York State, the Court lacks diversity of citizenship jurisdiction under 28 U.S.C. § 1332 to consider Plaintiff's state-law claims.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## FURTHER LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses Plaintiff's federal law claims for failure to state a claim on which relief may be granted.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Clerk of Court is directed to enter judgment in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge